UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHMOND INDUSTRIAL CENTER, INC.,

                Plaintiff,

-against-

THE FERRY THE GOV. HERBERT H. LEHMAN,
*her engines, boilers, tackle, apparel, furnishings,*
*appurtenances, etc. and all other necessaries,* LA
VIVIANA INDUSTRIES, INC., TERRACE GATE
REALTY, LLC, TAHMAZ REALTY, LLC, YASAR
TAHMAZ, *individually,* JACK MOWBRY,
*individually,* and HELEN MARKIDOS, *individually,*

                Defendants.
----------------------------------------------------------X

**ORDER**

**10-CV-5586 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

On December 2, 2010, Plaintiff Richmond Industrial Center, Inc. ("Richmond") filed a Complaint against La Viviana Industries, Inc. ("La Viviana"), Jack Mowbry, Yasar Tahmaz ("Tahmaz"), Tahmaz Realty, LLC ("Tahmaz Realty"), Terrace Gate Realty, LLC, and The Ferry The Gov. Herbert H. Lehman (the "Ferry"), an out-of-commission Staten Island ferry. (Compl. (Docket Entry # 1).) Richmond alleges that Defendants were responsible for wrongfully mooring the Ferry to its property, causing damage to its pier. (Id.) Richmond also sought an order to show cause as to why the Ferry should not be dismantled because the Ferry was "a danger to public safety." (Docket Entry # 2.) From December 2, 2010 to January 18, 2011, the court presided over several conferences among the parties regarding moving the Ferry from Richmond's pier. On January 19, 2010, Richmond filed an Amended Complaint adding Helen Mardikos, a lienor to the Ferry, as a defendant. (Am. Compl. (Docket Entry # 14).) On March 20, 2011 and March 31, 2011, Richmond filed separate motions requesting a preliminary

1

injunction requiring the sale of the Ferry to Richmond and an order of dismantling. (Docket Entries ## 17, 20.)

On April 12, 2011, Tahmaz filed a motion to dismiss for lack of subject matter jurisdiction. (Docket Entry # 21.) The thrust of Tahmaz's motion is that because the Ferry is a "dead ship," it is not a vessel subject to the admiralty jurisdiction of this court. (Id.) Because the court must possess subject matter jurisdiction to grant the relief sought by Richmond, it is crucial that the court resolve this issue efficiently and expeditiously. Therefore, Richmond is directed to respond to Tahmaz's motion by April 29, 2011. Tahmaz's reply, and the reply of any other Defendants should they wish to respond, is due by May 6, 2011.

SO ORDERED.

Dated: Brooklyn, New York
April 20, 2011

/s/ NGG
NICHOLAS G. GARAUFIS
United States District Judge